**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION<br>4201 Wilson Boulevard, Suite 1000<br>Arlington, VA 22203, | ) ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 24-2135 |
| WHITE HOUSE COUNCIL ON<br>ENVIROMENTAL QUALITY<br>730 Jackson Place, NW<br>Washington, D.C. 20230; | ) ) ) ) ) | |
| U.S. ARMY CORPS OF ENGINEERS<br>441 G Street, NW<br>Washington, D.C. 20314; | ) ) ) ) | |
| U.S. DEPARTMENT OF ENERGY<br>1000 Independence Avenue, SW<br>Washington, D.C. 20585; and | ) ) ) ) | |
| U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street, NW<br>Washington, D.C. 20240, | ) ) ) ) | |
| *Defendants*. | ) ) ) | |

---

## COMPLAINT

1.      Plaintiff Americans for Prosperity Foundation ("AFPF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requesting access to agency records maintained by Defendants White House Council on Environmental Quality ("CEQ"); United States Army Corps of Engineers ("USACE"); United States Department of Energy ("Energy"); and United States Department of Interior ("Interior"), including its component agency, the Bureau of Land Management ("BLM").

2.      AFPF's FOIA requests seek records concerning CEQ's revised regulations implementing certain procedural provisions of the National Environmental Policy Act ("NEPA"), which in turn reflect amendments to NEPA contained in the Fiscal Responsibility Act ("FRA"). *See generally* Nat'l Envtl. Policy Act Implementing Regulations Revisions Phase 2, 89 Fed. Reg. 35, 442 (May 1, 2024) (to be codified at 40 C.F.R. pts. 1500–08).   Congress used the FRA amendments, among other things, to streamline the energy permitting process by simplifying and shortening environmental assessment and environmental impact statements.   But CEQ's recent rulemaking arguably goes beyond the agency's statutory authority and betrays Congress's intent insofar as it creates requirements for environmental assessments and environmental impact statements that will unduly complicate the permitting process.

3.      To date, none of the defendant agencies have issued a timely final determination on AFPF's FOIA requests, nor have they started producing responsive records.

4.      The records at issue have significant value that serves the public interest.   CEQ's recently promulgated rule, which seemingly counteracts statutory law and congressional intent, will cause negative economic consequences for those seeking energy permits.   Indeed, CEQ's NEPA regulation complicates the permitting process, costing permit seekers additional time, resources, and potential profit.

**JURISDICTION AND VENUE**

5.      Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is properly pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

7.      Plaintiff AFPF is a 501(c)(3) nonprofit organization committed to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and

open society.  AFPF routinely files and litigates FOIA requests.  It relies on the legal, investigative, and editorial expertise of its staff to review the results of its requests and to produce distinct news and educational materials that are distributed to the interested public.

8.      CEQ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  CEQ maintains possession, custody, and control of agency records to which AFPF seeks access and that are subject of this Complaint.

9.      USACE is an agency within the meaning of 5 U.S.C. § 552(f)(1).  USACE maintains possession, custody, and control of agency records to which AFPF seeks access and that are subject of this Complaint.

10.     Energy is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Energy maintains possession, custody, and control of agency records to which AFPF seeks access and that are subject of this Complaint.

11.     Interior is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Interior— including its component agency, BLM—maintains possession, custody, and control of agency records to which AFPF seeks access and that are subject of this Complaint.

## FACTS

### I.      AFPF's May 10, 2024 FOIA Request to CEQ

12.     By email, dated May 10, 2024, AFPF submitted a FOIA request to CEQ seeking access to the following records:

> All electronic communications, including attachments, sent to or by the following CEQ employees, including through any alias accounts:
>
> - Brenda Mallory, Chair
> - Jayni Hein, Senior Director for NEPA
> - Megan Healy, Deputy Director of NEPA
> - Amy B. Coyle, Deputy General Counsel
> - Cecilia Martinez, Senior Director for Environmental Justice

- Bowman, Christina, Deputy Director for Environmental Justice
- Natasha DeJarnett, Deputy Director for Environmental Justice Data and Evaluation

**Exhibit 1.**

13.     AFPF noted that, "[i]n addition to email messages and attachments," CEQ should "search for and provide records from any other medium of electronic communication used by CEQ including but not limited to Microsoft Teams, text messaging, *etc.*" *Id.*

14.     AFPF narrowed the scope of its request by asking CEQ to limit its "search and processing" of records from the identified custodians to those that returned as responsive to "any of the following keyword search commands":

a.     ("Fiscal Responsibility Act" OR "FRA") AND ("NEPA" OR "National Environmental Policy Act") AND ("concerns" OR "authority" OR "congressional intent" OR "page limit")

b.     ("environmental justice" OR "climate change" OR "indigenous knowledge") AND ("phase 2" OR "phase two" or "phase II" OR "implementing" OR "National Environmental Policy Act" OR "NEPA" OR "permitting")

c.     ("1506.1" OR "environmental review" OR "federal action") AND "required"

d.     ("Graves" OR "Scalise" OR "Low Energy Costs Act" OR "BUILDER" OR "BUILDER ACT") AND ("NEPA" OR "National Environmental Policy Act" OR "permitting" OR "environmental review")

*Id.*

15.     AFPF identified the relevant time period for its FOIA request as "May 29, 2023, to the present," and it defined the term "present" as "the date which . . . [CEQ] begins its search for responsive records." *Id.*

16.     AFPF clarified it did not seek "daily news clippings or other mass mailings unless there is commentary related to them" and that CEQ could omit such records from the scope of AFPF's FOIA request. *Id.*

4

17.     AFPF defined the term "record" for purposes of its request as "any medium of information storage in the form and format maintained by the agency at the time of the request." *Id.* AFPF clarified that "[i]f the agency considers a medium of information storage to contain multiple records that it believes can be segmented on the basis of the subject-matter or scope of AFPF's request, AFPF explicitly seeks access to those separate 'records' as well," and "[t]hey should not be treated as 'non-responsive.'" *Id.*

18.     With respect to email records, AFPF likewise clarified it "seeks the entirety of any email chain, any portion of which contains an individual email message responsive to this request[.]" *Id.*

19.     AFPF requested a public-interest fee waiver and classification as a representative of the news media for fee purposes. *See id.*

20.     By email, dated May 13, 2024, CEQ acknowledged it had received AFPF's request and assigned it tracking number FY2024-186. **Exhibit 2.**

21.     CEQ did not issue a determination of AFPF's request for classification as a representative of the news media for fee purposes. *See id.*

22.     CEQ did not issue a determination of AFPF's request for a public-interest fee waiver because the agency indicated it would "determine whether [AFPF] qualif[ies] for a waiver or reduction of fees if and when fees become due." *Id.*

23.     CEQ never invoked "unusual circumstances" and did not extend its response by ten working days, as contemplated by 5 U.S.C. § 552(a)(6)(B).

24.     CEQ failed to provide an estimated date of completion for AFPF's request.

25.     CEQ has not provided any further update on the processing of AFPF's FOIA request. It has neither issued a final determination nor produced any responsive records.

5

26.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which CEQ should have issued its final determination on AFPF's request was June 11, 2024.

**II.     AFPF's May 10, 2024 FOIA Request to USACE**

27.     By email, dated May 10, 2024, AFPF submitted a FOIA request to USACE seeking access to the following records:

> All electronic communications, including attachments, sent to or by the following U.S. ACE employees, including through any alias accounts:
>
> - Susan L. Murphy, Legislative Affairs Chief
> - Jeremy M. LaDart, Planning and Environmental Division Chief
> - Trevor Popkin, Regulatory Division Chief
> - Planning and Environmental personnel

**Exhibit 3.**

28.     AFPF's FOIA request to USACE similarly clarified meaning, limited scope, provided keyword search terms, and defined other relevant terms as set out in AFPF's request to CEQ.  *See supra* ¶¶ 13–18; *see also* Ex. 3.

29.      AFPF requested a public-interest fee waiver and classification as a representative of the news media for fee purposes.  *See* Ex. 3.

30.     By email, dated June 10, 2024, USACE acknowledged it had received AFPF's request on May 10, 2024, and assigned it tracking number FP-24-018063.  **Exhibit 4.**

31.     USACE granted AFPF's request for classification as a representative of the news media for fee purposes.  *See id.*

32.     USACE did not issue a determination on AFPF's request for a public-interest fee waiver because the agency "anticipate[d] no processing fees w[ould] be assessed for processing th[e] request."  *Id.* ("Unless and until processing fees are assessed, the fee waiver request is moot, so I do not plan to address it.").

6

33.     USACE placed AFPF's request in the complex processing track and noted that there would be a delay in processing the request "[d]ue to the increased number of complex FOIA requests received by" USACE.  *Id.*

34.     USACE never invoked "unusual circumstances" and did not extend its response by ten working days, as contemplated by 5 U.S.C. § 552(a)(6)(B).

35.     USACE failed to provide an estimated date of completion for its processing of AFPF's FOIA request.  *See id.*

36.     USACE has not provided any further update on the processing of AFPF's FOIA request.  It has neither issued a final determination nor produced any responsive records.

37.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which USACE should have issued its final determination on AFPF's request was June 10, 2024.

**III.     AFPF's May 10, 2024 FOIA Request to Energy**

38.     By email, dated May 10, 2024, AFPF submitted a FOIA request to Energy seeking access to the following records:

> All electronic communications, including attachments, sent to or by the following Department of Energy employees, including through any alias accounts:
>
> - Brian Costner, Director, Office of NEPA Policy and Compliance
> - Carrie Abravanel, Deputy, Office of NEPA Policy and Compliance
> - Kate Condon, Environmental Protection Specialist for NEPA
> - Kylee Ferrara, Environmental Protection Specialist for NEPA
> - Brad Mehaffy, Environmental Protection Specialist for NEPA
> - Lirain Urreiztieta, Environmental Protection Specialist for NEPA
> - Lettie Wormley, Office Manager, Office of NEPA Policy and Compliance

**Exhibit 5.**

39.     AFPF's FOIA request to Energy similarly clarified meaning, limited scope, provided keyword search terms, and defined other relevant terms as set out in AFPF's request to CEQ.  *See supra* ¶¶ 13–18; *see also* Ex. 5.

7

40.     AFPF requested a public-interest fee waiver and classification as a representative of the news media for fee purposes.  *See* Ex. 5.

41.     By letter, dated May 14, 2024, Energy acknowledged it had received AFPF's request on May 10, 2024, and assigned it tracking number HQ-2024-01920-F.  **Exhibit 6.**

42.     Energy did not issue a determination of AFPFs request for classification as a representative of the news media for fee purposes.  *See id.*

43.     Energy did not issue a determination of AFPF's request for a public-interest fee waiver.  *See id.*

44.     Energy never invoked "unusual circumstances" and did not extend its response by ten working days, as contemplated by 5 U.S.C. § 552(a)(6)(B).

45.     Energy failed to provide an estimated date of completion for AFPF's request.

46.     Energy has not provided any further update on the processing of AFPF's FOIA request.  It has neither issued a final determination nor produced any responsive records.

47.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which Energy should have issued its final determination on AFPF's request was June 10, 2024.

**IV.     AFPF's May 10, 2024 FOIA Request to Interior**

48.     By letter, dated May 10, 2024, AFPF submitted a FOIA request via the FOIAXpress PAL system to Interior seeking access to the following records:

> All electronic communications, including attachments, sent to or by the following Department of Interior employees, including through any alias accounts:
>
> - Stephen G. Tryon, Director for OEPC
> - Laura Fleming, Deputy Director for OEPC
> - Carol Braegelmann, Division Chief for NEPA/ECD
> - Cheryl Kelly, Environmental Justice Lead for NEPA/ECD
> - Shawn K. Alam, Hydro-Power Licensing Lead for NEPA/ECD
> - Louis Brueggeman, Climate Lead for NEPA/ECD

8

**Exhibit 7.**

49.    AFPF's FOIA request to Interior similarly clarified meaning, limited scope, provided keyword search terms, and defined other relevant terms as set out in AFPF's request to CEQ. *See supra* ¶¶ 13–18; *see also* Ex. 7.

50.    By letter, dated May 14, 2024, Interior acknowledged it had received AFPF's request on May 10, 2024, and assigned it tracking number DOI-OS-2024-000401. **Exhibit 8.**

51.    Interior granted AFPF's request for classification as a representative of the news media for fee purposes. *See id.*

52.    Interior did not issue a determination of AFPF's request for a public-interest fee waiver because the agency did "not anticipate . . . billable fees for processing [the] request." *Id.*

53.    Interior placed AFPF's request in the "Normal" processing track and noted that requests in that queue "generally take six to twenty workdays to process." *Id.*

54.    Interior invoked "unusual circumstances," as contemplated by 5 U.S.C. § 552(a)(6)(B) and extend its response deadline by ten working days. *Id.* (citing 43 C.F.R. § 2.19).

55.    Interior did not otherwise provide an estimated date of completion for AFPF's request.

56.    By email, dated July 8, 2024, Interior inquired as to whether AFPF would be willing to narrow the scope of its request, and the agency provided options to that effect. *See* **Exhibit 9.** AFPF subsequently agreed, on July 19, 2024, to exclude "non-responsive attachments," while not excluding "parent emails." *Id.* ("In other words, all parent emails are processed, and then attachments only if those attachments themselves are responsive to any of the keyword searches.").

57.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which Interior should have issued its final determination on AFPF's request was June 25, 2024.

**V.      AFPF's May 10, 2024 FOIA Request to BLM**

58.      By letter, dated May 10, 2024, AFPF submitted a FOIA request via the FOIAXpress

PAL system to BLM seeking access to the following records:

> All electronic communications, including attachments, sent to or by the following
> BLM employees, including through any alias accounts:
>
> - Tracy Stone-Manning, Director
> - Michael Nedd, Deputy Director, Administration and Programs
> - Sharif Branham, Resources and Planning
> - Ben Gruber, Energy, Minerals & Realty Management (Acting)
> - Thomas Heinlein, National Conservation and Community Partnerships

**Exhibit 10.**

59.      AFPF's FOIA request to BLM similarly clarified meaning, limited scope, provided

keyword search terms, and defined other relevant terms as set out in AFPF's request to CEQ.  *See*

*supra* ¶¶ 13–18; *see also* Ex. 9.

60.      AFPF requested a public-interest fee waiver and classification as a representative

of the news media for fee purposes.  *See* Ex. 9.

61.      By email, dated June 3, 2024, BLM acknowledged it had received AFPF's request

on June 3, 2024, and assigned it tracking number DOI-BLM-2024-000731.  **Exhibit 11.**

62.      BLM granted AFPF's request for classification as a representative of the news

media for fee purposes.  *See id.*

63.      BLM did not issue a determination of AFPF's request for a public-interest fee

waiver, noting that "[i]n the interim" the agency was granting AFPF "News Media" status.  *Id.*

64.      BLM placed AFPF's request in the "Complex" processing track and noted that such

requests "can be processed in twenty-one to sixty workdays." *Id.*

65.      BLM never invoked "unusual circumstances" and did not extend its response by

ten working days, as contemplated by 5 U.S.C. § 552(a)(6)(B).

66.    BLM failed to provide an estimated date of completion for AFPF's request.

67.    BLM has not provided any further update on the processing of AFPF's FOIA request.  It has neither issued a final determination nor produced any responsive records.

68.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which BLM should have issued its final determination on AFPF's request was July 2, 2024.

## COUNT I

### Violation of the FOIA: Failure to Comply with Statutory Requirements

69.    AFPF repeats all the above paragraphs.

70.    The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

71.    The FOIA requires an agency to respond to a valid request within 20 business days or, in "unusual circumstances," within 30 business days.  *Id.* § 552(a)(6)(A)–(B).  If an agency requires additional time to process a request, it must provide a requester with the "opportunity to arrange . . . an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

72.    The "receipt" of a FOIA request triggers an agency's obligation to respond and therefore starts the countdown for all relevant statutory deadlines.  *Id.* § 552(a)(6)(A)(i); *see, e.g.*, *McGehee v. Cent. Intel. Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983) ("[W]hen an agency receives a FOIA request . . . it must take responsibility for processing the request.").

73.    AFPF's FOIA requests, which are the subject of this Complaint, seek access to agency records maintained by Defendants.  The requests reasonably describe the records sought and otherwise comply with the FOIA and applicable agency regulations.  The requests were moreover properly submitted to, received by, and acknowledged by Defendants.

11

74.     Defendants have failed to issue final determinations on AFPF's FOIA requests within applicable time limits or to promptly produce responsive agency records.

75.     Defendants also have failed to comply with the FOIA insofar as they never "arrange[d] . . . alternative time frame[s]" for responding to AFPF's requests.

76.     AFPF is injured by Defendants' violation of the FOIA and, specifically, their unlawful withholding of responsive agency records to which AFPF is statutorily entitled.

77.     AFPF will continue to be injured until such time as Defendants are compelled to satisfy their obligations under the FOIA.

78.     AFPF has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff AFPF respectfully requests and prays that this Court:

a.      Order Defendants to process AFPF's FOIA requests and issue determinations upon the issuance of the Order;

b.      Order Defendants to produce all non-exempt agency records responsive to AFPF's FOIA requests;

c.      Maintain jurisdiction over this case until Defendants comply with the Order and, if applicable, adequately justify their treatment of all relevant records;

d.      Award AFPF its costs and reasonable attorney fees incurred here pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.      Grant such other relief the Court may deem just and proper.

//

//

Dated: July 22, 2024                    Respectfully submitted,

                                        */s/ Ryan P. Mulvey*
                                        Ryan P. Mulvey
                                        D.C. Bar No. 1024362
                                        Lee A. Steven
                                        D.C. Bar No. 468543

                                        AMERICANS FOR PROSPERITY FOUNDATION
                                        4201 Wilson Boulevard, Suite 1000
                                        Arlington, VA 22203
                                        Telephone: (571) 444-2841
                                        rmulvey@afphq.org
                                        lsteven@afphq.org

                                        *Counsel for Plaintiff*