UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>      Plaintiff,<br><br>    v.<br><br>WHITE HOUSE COUNCIL ON ENVIROMENTAL QUALITY, et al.,<br><br>      Defendants. | Civil Action No. 24-2135 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Order dated January 7, 2026, Plaintiff Americans for Prosperity Foundation, and Defendants Council on Environmental Quality ("CEQ"), U.S. Army Corps of Engineers ("USACE"), United States Department of Energy (hereafter "DOE" or "Energy"), and U.S. Department of the Interior ("DOI"), by and through undersigned counsel, hereby submit this joint status report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

    1.    Following the in-person status conference on January 6, 2026, the parties held a telephonic meet-and-confer on January 14, 2026, to discuss the narrowing of Plaintiff's FOIA requests.

        a.    Through further email correspondence, the parties ultimately agreed to significantly narrow portions of the request directed to CEQ by (1) eliminating two records custodians, and (2) narrowing one of the limiting conjunctions in the agreed-upon keyword searches from "w/25" to "w/15." In total, these modifications eliminated approximately 1,544 records (or 5,600 pages) from the universe of potentially responsive records that need to be processed by the agency. Further modification of other portions of the CEQ request,

which had returned approximately 196 records (or 640 pages), were not expected to make any impact on the agency's processing timeline.

      b.      The parties agreed that further narrowing of the requests directed to the Bureau of Land Management ("BLM") and DOI was unnecessary as those agencies were expected to finish (or had already finished) the initial processing and production of non-attachment records prior to the filing of this status report.

      c.      The parties also agreed that further narrowing of the requests directed to DOE and USACE would delay efforts to complete the initial processing and production of non-attachment records, which should be done by March 2026.

2.      As previously reported, Plaintiff identified 15 attachments from all past DOI and USACE productions to be processed on January 6, 2026. As of the date of this status report, Plaintiff has identified another 19 attachments to be processed from all past DOE, CEQ, and BLM productions. Again, these 34 attachments account for all productions to date. Moving forward, as directed by the Court, Plaintiff will inform Defendants on a rolling basis of any attachments to be processed from each future interim release.

3.      Defendants report the following regarding the status of the processing of Plaintiff's requests, as further narrowed:

*CEQ*: Defendants previously reported that CEQ had approximately 8,518 pages of potentially responsive documents left to process at a rate of 500 pages per month and that CEQ anticipated providing its final response to Plaintiff by May 2027 (subject to external consultations). Defendants now report that, following agreed-upon narrowing efforts memorialized in emails dated January 27, 2026, there are approximately 2,816 pages of potentially responsive documents

left to process at a rate of 500 pages per month, meaning that CEQ anticipates providing its final response to Plaintiff by July 2026 (subject to external consultations).

On February 6, 2026, and February 9, 2026, Plaintiff provided Defendants with a list of 15 attachments for CEQ to process. CEQ estimates the total page count for the attachments to be 228 and intends to process those pages with this month's production, with release subject to any required external consultations.

*USACE*: Defendants previously reported that USACE had approximately 5,100 pages of potentially responsive documents left to process at a rate of 300 pages per month, and that USACE anticipated providing its final response to Plaintiff by May 2027. Defendants now report that USACE has completed its review of all potentially responsive documents. Of the potentially responsive documents reviewed, 2 documents (totaling 3 pages) were released today (February 9, 2026) in interim response number 9, and another 37 documents (totaling 93 pages) require consultation with other components or agencies.

On January 6, 2026, Plaintiff provided Defendants with a list of 7 attachments for USACE to process. Defendants now report that USACE has gathered and reviewed the attachments (totaling 963 pages). USACE determined that 2 attachments (totaling 2 pages) could be released in full as part of today's interim response number 9, but the remaining 5 attachments (totaling 961 pages) require consultation with other components or agencies. USACE will commence consultation with these other components or agencies on February 9, 2026, and anticipates transmitting its final response by May 11, 2026 (provided no additional attachments are requested by Plaintiff).

*DOE*: Defendants previously reported that DOE had approximately 550 pages of potentially responsive documents left to process and that it was striving to provide its final

response to Plaintiff by March 2026.  Defendants now report that there are approximately 348 pages of potentially responsive documents left to process and that DOE still anticipates providing its final response to Plaintiff by March 2026.

On February 6, 2026, Plaintiff provided Defendants with a list of 2 attachments for DOE to process.  DOE will update the Court on the processing of these attachments in the next status report.

*DOI*: Defendants previously reported that DOI had completed its processing of parent emails and provided its final response to Plaintiff regarding parent emails by letter dated September 30, 2025.  On January 6, 2026, Plaintiff provided Defendants with a list of 8 attachments for DOI to process.  Defendants now report that DOI has gathered the attachments (37 pages and 2 spreadsheets) and plans to issue a partial release of 32 pages and 2 spreadsheets by mid-February.  The remaining 5 pages have been sent out for consultation with an outside entity.

*BLM*: Defendants previously reported that BLM expected to produce approximately 578 pages by January 16, 2026, thereby completing BLM's document production (aside from the approximately 76 pages requiring consultation with CEQ).  Defendants now report that the consultation has occurred, the approximately 76 pages were added to the processing queue, and that BLM provided its final response to Plaintiff by letter dated January 15, 2026.

On February 6, 2026, Plaintiff provided Defendants with a list of 2 attachments for BLM to process.  BLM will update the Court on the processing of these attachments in the next status report.

4. In light of the above, the parties propose that they file a further status report in approximately 60 days, on or before April 10, 2026, and that the Court defer setting a briefing schedule at this time.

Dated: February 9, 2026           Respectfully submitted,
       Washington, D.C.
                                                     JEANINE FERRIS PIRRO

                                                   United States Attorney

*/s/ Ryan P. Mulvey*                       By:   /s/ Benjamin H. Zieman
Ryan P. Mulvey                                   Benjamin H. Zieman
D.C. Bar No. 1024362                             Assistant United States Attorney
Lee A. Steven                                    601 D Street N.W.
D.C. Bar No. 468543                              Washington, D.C. 20530
                                                  202-252-2540

AMERICANS FOR PROSPERITY
FOUNDATION                                *Attorneys for the United States of America*
4201 Wilson Boulevard, Suite 1000
Arlington, VA 22203
Telephone: (571) 444-2841
rmulvey@afphq.org
lsteven@afphq.org

*Counsel for Plaintiff*